## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD WALTER**<br>425 Lake Avenue<br>Montrose, PA 18801<br>        Plaintiff,<br><br> v.<br><br>**DAVID GAUVEY HERBERT**<br>New York Magazine<br>75 Varick St., 4th Floor<br>New York, New York 10013<br><br> and<br><br>**NEW YORK MAGAZINE**<br>75 Varick St., 4th Floor<br>New York, New York 10013<br>        Defendants. | **NO:**<br><br>**JURY TRIAL OF SIX DEMANDED**<br><br>**PLAINTIFF'S COMPLAINT** |

### I. INTRODUCTION

1. Richard Walter has, for over forty years, assisted local, state and federal officers – and has lectured internationally – regarding solving cold case crimes of the most heinous nature.

2. Due to his decades of international expertise in his area of forensics, The American Academy of Forensic Sciences has bestowed upon him Fellow status.

3. Regrettably, as revealed in this Complaint and exhibits, these defendants have sought to destroy Mr. Walter's reputation via their deeply flawed and biased article, "[T]he Case of the Fake Sherlock."[1]

4. The false light into which Mr. Walter has been placed by these defendants has caused significant damages and harm to him; and when the defendants were

---

[1] This article is attached to Exhibit "A" as attachment 1 to the AAFS report.

**1**

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**WALTER V. HERBERT, ET AL.**
**COMPLAINT**

confronted with the facts known to them and asked to correct this misleading article, they refused.

5. To the average reader, Mr. Walter is now and forever labeled as a "fraud," and his decades of work forever stained, as intended by these defendants. This lawsuit now follows.

## II. PARTIES

6. Richard Walter is a retired forensic psychologist who resides at the above address. Mr. Walter did not thrust himself into this controversy in order to influence or otherwise use the media to shape any of what these defendants have maliciously propagated via the article at issue.

7. Defendant David Gauvey Herbert (Herbert) purports to be an author and wrote the at-issue piece as an agent, servant and/or employee of co-defendant New York Magazine. At all relevant times during the preparation of this piece, Herbert purposefully traveled into this jurisdiction to interview many Pennsylvanians and collect information that was used (or was excluded) from the article at issue.

8. Defendant New York Magazine purports to be a "beloved and influential" publication, with a "global" audience. It has an address identified above, and has as its agent, servant and/or employee defendant Herbert.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332. The Defendants are citizens of states other than which the Plaintiff is a citizen. The amount in controversy substantially exceeds the requirement for Federal Diversity Jurisdiction and to guarantee a jury trial, exclusive of interest and costs.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

2

WALTER V. HERBERT, ET AL.
COMPLAINT

10. These defendants are subject to this Honorable Court's authority to exercise specific jurisdiction over the defendants because Herbert, on behalf of defendant *New York* Magazine, specifically traveled to Pennsylvania to interview Pennsylvania residents and collect information from Pennsylvania sources for this article. Herbert drove to Montrose, Pennsylvania to attempt to interview Mr. Walter, as well as the local attorneys, bartenders, and the curator of the local historical society, all in preparation for the article at issue in this lawsuit.

11. Further basis for this Honorable Court to exercise its jurisdiction is that the Defendants have targeted their specific statements, publications, and tortious conduct at issue in this action directly toward Pennsylvania residents, including those in Mr. Walter's community and in Susquehanna County, Pennsylvania, and the Commonwealth of Pennsylvania.

12. This Honorable Court has jurisdiction over these defendants as the False Light into which these defendants placed Mr. Walter is an intentional tort, Mr. Walter has and continues to feel the brunt of the defendants' malicious article in his community in Montrose, Pennsylvania, which is the focal point of the harm suffered by Mr. Walter. Further, via the defendants' actions in Montrose and the subsequent article, the tortious conduct was aimed into Mr. Walter's community in Montrose, Pennsylvania making it the focal point of their malicious article and its false light presentation of Mr. Walter to his entire community.

13. Venue is proper pursuant to 28 U.S.C. § 1391 because all Defendants are subject to the Court's personal jurisdiction with respect to the civil action in question. The Defendants traveled into the Middle District of Pennsylvania, including Susquehanna County, to interview many people and come directly to Mr. Walter's

**The Beasley Firm, LLC**
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (fax)
www.beasleyfirm.com

3

**Walter v. Herbert, et al.**
**Complaint**

house, and published their defamatory statements in, among other places, Susquehanna County, Pennsylvania where they targeted their unlawful scheme.

**IV.   FACTS**

14.   As noted in the introduction and Exhibit "A," Mr. Walter is a forensic psychologist, retired in 2000, who has assisted various law enforcement agencies in solving difficult "cold cases" related to heinous murders.

15.   Much of Mr. Walter's decades of experience began at the Department of Corrections in Michigan, where he was able to study the mindset of many highly disturbed and psychopathic inmates. Part of this experience included learning how to control such individuals via various methods, including the use of a "food loaf."

16.   Mr. Walter's expertise and experience also included long-term collaboration with FBI special agent Robert Ressler, a principal and founder of the FBI's Behavioral Science Unit (BSU), to develop methods of psychological profiling of the most hardened criminals and psychopaths.

17.   Mr. Walter frequently lectured and attended lectures at the BSU, working with internationally renowned psychologists and psychiatrists who specialize in studying psychopaths, developing criminal profiles for murders, even creating various categories for homicide investigators to hunt down these criminals and obtain justice for the murdered and their families.

18.   Mr. Walter's vast expertise in this level of psychological profiling resulted in invitations to lecture and work on cold cases with investigators in the United Kingdom, including those at Scotland Yard and the University of Leichester, training the post-graduate students in the art of forensics. These facts were known to Herbert, yet his article claims that these are lies.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

4

WALTER V. HERBERT, ET AL.
COMPLAINT

19. Mr. Walter's actions in assisting local, state, and federal authorities to profile and ultimately find these murders also resulted in his being involved with *The Parents of Murdered Children*, and, for example, the work Mr. Walter had done on behalf of the Meyer family, whose daughter and grandchildren were murdered, were wholly ignored by Herbert and New York Magazine, for this fact, and others, would destroy the maligned predicate upon which their article was based.

20. In spite of the above facts, easily knowable to anyone choosing to honestly write about Mr. Walter, the defendants instead chose to ignore the above information – and more – to target Mr. Walter and destroy his reputation and place into question all of the work helping families and law enforcement solve the otherwise unsolvable cold cases.

21. In propagating their knowingly false claims of fraud, these defendants intentionally excluded scores of Mr. Walter's successes in the most challenging cases, used selected mistakes Mr. Walter made in previous deposition testimony, and intentionally eliminated easily available information known to them to place Mr. Walter in a false light and make the malicious accusation of being a fraud in the headline of this false story.

22. The defendants' malicious claim that Mr. Walter is a fraud intentionally ignored all of the easily obtainable proof of Mr. Walter's decades of expertise and insightful work in scores of cold cases that have brought the most dangerous criminals to justice; this was done so because these defendants entertained serious doubts as to the truthfulness of their "fraud" claims.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

5

WALTER V. HERBERT, ET AL.
COMPLAINT

23. With a punitive stroke of the pen, defendant Herbert destroyed Mr. Walter's reputation and legacy with the malicious article "[T]he Case of the Fake Sherlock," with the headline comment:

> Richard Walter was hailed as a genius criminal profiler at murder trials, at forensic conferences, and on true-crime TV. In reality, he was a fraud. How did he get away with it for so long?

24. Soon after this knowingly false and misleading article was published, and virally spread throughout the internet, the American Academy of Forensic Sciences (AAFS) was given the article from an unknown source, and its Ethics Committee began an investigation. As noted in Exhibit "A," the AAFS Ethics Committee wrote "[W]hen the Ethics Committee members read the article, we all thought that we would be recommending some sort of sanction."

25. Fortunately for Mr. Walter and those who were misled by this article, the AAFS Ethics Committee conducted a proper investigation – as opposed to the biased and flawed "investigation" done by Herbert – and concluded:

> By the time we (the AAFS Ethics Committee) finished our investigation, we all thought that the complaint should be dismissed. The article accuses the Respondent of fraud and also makes the Academy appear ineffective for not sanctioning him as a result of two previous complaints.

Exhibit "A", p. 1 (AAFS identity added for clarity).

26. The AAFS Ethics Committee's summary introduction concludes with "[T]he following are issues that demonstrate that the *New York* article is highly biased and contains factual errors" and identifies verbatim quotes from the Hebert article that are demonstrably false, relying on third parties' statements to substantiate its findings.

The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (FAX)
www.beasleyfirm.com

6

WALTER V. HERBERT, ET AL.
COMPLAINT

27. The reality is that defendant Herbert and *New York* magazine are the ones who have perpetrated a fraud upon all of its readers and those poisoned by the viral nature of this exploitative piece.

28. Aside from a clear disregard for due diligence, the defendants' publications is a malicious attack upon the character of a dedicated forensic psychologist. It is an unfortunate, but all too accurate, statement to say that these defendants value reckless, provocative articles in spite of knowing the truth.

29. These defendants had absolutely no basis for reporting that Mr. Walter lied about lecturing at Scotland Yard, working with the FBI, or even working deeply disturbed psychopaths at the Michigan Department of Corrections. Instead, using Mr. Walter's mistaken testimony about his experience at the Los Angeles County Medical Examiner's office, these defendants fabricated a series of misleading and knowingly wrong statements to mislead its readers about Mr. Walter, and to place him into a false light to forever harm his reputation.

30. The defendants further refused to reference significant cases in which Mr. Walter's expertise resulted in convictions of murderers who have destroyed families, including his work with *The Parents of Murdered Children*, and in particular Mr. Walter's work with the Meyer family in Florida. The intentional omission of critical facts like this, well known to Herbert, is further evidence of his malice and desire to twist the facts to harm Mr. Walter.[2]

31. These defendants' intentional disregard and suppression of critical facts that had revealed to them and would reveal to the average reader that Mr. Walter was

---

[2] Herbert, rather than acknowledging that his flawed premise was belied by facts known to him and chronicled in a book *The Murder Room* by Michael Capuzzo, and Mr. Walter's work with the Vidocq Society, intentionally excluded from his article scores of examples of Mr. Walter's expertise and successes – much done for free – to ensure his false light campaign to destroy Mr. Walter would succeed.

7

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**WALTER V. HERBERT, ET AL.**
**COMPLAINT**

not a fraud, and that the charge that he was, was a completely baseless one, confirms that this misconduct rises well beyond mere negligent reporting and was done with actual malice and with reckless disregard for the truth. See, e.g., Moore v. Vislosky, 240 Fed. Appx. 457, 469 (3d Cir. 2007) ("[defendant's] awareness that there was no basis for making the specific allegations of wrongdoing that were leveled against [plaintiffs]," if proven, would establish actual malice).

## V. THEORY OF LIABILITY/CAUSE OF ACTION

### COUNT I
### FALSE LIGHT
### PLAINTIFF v. DEFENDANTS

32. Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set froth fully herein.

33. Defendants Herbert and New York Magazine engaged defendant Herbert as an agent (actual, ostensible, or otherwise), servant, and/or employee, and published the above-mentioned articles with its statements, innuendos and implications to individuals in Susquehanna County, Pennsylvania, the tristate area, the nation, and the world, who understood the statements, innuendos and implications to place Mr. Walter in a false light with the general public.

34. The aforementioned false light in which Mr. Walter was placed would be highly offensive to a reasonable person.

35. As described above, the defendants had knowledge of, or acted in reckless disregard as to, the falsity of the matter they communicated and the false light in which Mr. Walter was placed.

36. The publication has caused Mr. Walter irreparable harm to his reputation and business as well as mental suffering, shame, humiliation, physical and emotional

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

8

WALTER V. HERBERT, ET AL.
COMPLAINT

distress.

37. As a direct and proximate cause of the Defendants' malicious, intentional, or reckless conduct as set forth above, Mr. Walter is entitled to such damages that will compensate for his injuries, including punitive damages to punish the Defendants for their conduct, and deter them and others similarly situated from similar acts in the future.

38. Mr. Walter seeks compensatory and punitive damages as a result of the defendants' deliberate, reckless and outrageous conduct set forth above.

**WHEREFORE**, Plaintiff demands judgment against all defendants, jointly, severally and/or individually, in an amount substantially in excess of the jurisdictional limit, compensatory damages, punitive damages, attorneys' fees, costs and interest, together with any further relief which this Court deems just and appropriate under the circumstances.

## NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANTS TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

9

WALTER V. HERBERT, ET AL.
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of six.

                **THE BEASLEY FIRM, LLC**

BY:    /s/ James E. Beasley Jr.
           JAMES E. BEASLEY, JR.
           THE BEASLEY BUILDING
           1125 Walnut Street
           Philadelphia, PA 19107
           215.592.1000
           215.592.8360 (telefax)

Dated: 30 December 2023    Attorneys for Plaintiff

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

10

**WALTER V. HERBERT, ET AL.**
**COMPLAINT**